**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| AMERICAN TRUCKING AND TRANSPORTATION INSURANCE COMPANY A RISK RETENTION GROUP,<br><br>Plaintiff,<br><br>v.<br><br>MVT SERVICES LLC, JUAN GARCIA, ERIKA ROBLES, Individually and as Representative of the Estate of Orlando Robles, And as Next Friend of K.R., MARIA CASTILLO, ELAINNA ROBLES, ATHENA SCHMIDT, MELINA ROBLES, and BYANCA SANTOS.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. _____ |

## COMPLAINT FOR DECLARATORY JUDGMENT

Pursuant to 28 U.S.C. § 2201, Plaintiff American Trucking and Transportation Insurance Company A Risk Retention Group ("ATTIC") seeks a declaratory judgment to determine a controversy as to the rights and obligations of the parties related to a certain policy of insurance issued to MVT Services LLC ("MVT"). In support, ATTIC states as follows:

## JURISDICTION AND VENUE

1.      The present lawsuit concerns whether, and if so to what extent, insurance coverage is afforded to MVT and Juan Garcia in the case filed in the 448th District Court of El Paso County, Texas, Case No. 2022-DCV-3059 ("the Underlying Case"). (Ex. 1, Underlying Case Petition).

2.      The motor vehicle accident that forms the basis for the Underlying Case took place in Sequoyah County, Oklahoma.

1

3.     This civil action seeks a declaratory judgment to determine a controversy as to the rights and obligations of the parties related to the policy of insurance issued by ATTIC, policy no. ATTMVT120 (the "Policy"). (Ex. 2, Policy).

4.     Plaintiff ATTIC is a Montana corporation with its principal place of business in Montana.

5.     Named Insured MVT Services LLC is a New Mexico corporation with its principal place of business in the State of Texas. It is a defendant in the Underlying Case.

6.     MVT Services LLC's sole member is MVT Holdings, LLC, which is a New Mexico limited liability company with its principal place of business in the State of Texas.

7.     MVT Holdings, LLC's members are MVT Enterprises, Inc., R & H Jones 2011 Irrevocable Trust, R & J Jones 2011 Irrevocable Trust, R & R Jones 2011 Irrevocable Trust, and Royal Jones Irrevocable Trust.

8.     MVT Enterprises, Inc. is a New Mexico corporation with its principal place of business in the State of New Mexico.

9.     R & H Jones 2011 Irrevocable Trust, R & J Jones 2011 Irrevocable Trust, R & R Jones 2011 Irrevocable Trust, and Royal Jones Irrevocable Trust are trusts established under the laws of Arizona.

10.     Royal Jones and Dean Rigg are co-trustees of R & H Jones 2011 Irrevocable Trust, R & J Jones 2011 Irrevocable Trust, R & R Jones 2011 Irrevocable Trust, and Royal Jones Irrevocable Trust.

11.     Royal Jones is a citizen of the State of New Mexico.

12.     Dean Rigg is a citizen of the State of New Mexico.

2

13.     Juan Garcia is an individual and a resident of the State of Texas. He is a defendant in the Underlying Case.

14.     Erika Robles is an individual and resident of the State of Texas. She is the surviving spouse of Orlando Robles, mother of their child K.R., and representative of the estate of Orlando Robles. She is also a plaintiff in the Underlying Case and a potential third-party claimant against the Policy.

15.     K.R. is the minor child of Orlando Robles. She is a resident of the State of Texas. She is also a plaintiff in the Underlying Case and a potential third-party claimant against the Policy.

16.     Maria Castillo is the mother of Orlando Robles. She is a resident of the State of Nebraska. She is also a plaintiff in the Underlying Case and a potential third-party claimant against the Policy.

17.     Elainna Robles is the daughter of Orlando Robles. She is a resident of the State of Nebraska. She is also a plaintiff in the Underlying Case and a potential third-party claimant against the Policy.

18.     Athena Schmidt is the daughter of Orlando Robles. She is a resident of the State of Nebraska. She is also a plaintiff in the Underlying Case and a potential third-party claimant against the Policy.

19.     Melina Robles is the daughter of Orlando Robles. She is a resident of the State of Nebraska. She is also a plaintiff in the Underlying Case and a potential third-party claimant against the Policy.

20.     Byanca Santos is the daughter of Orlando Robles. She is a resident of the State of Nebraska. She is also a plaintiff in the Underlying Case and a potential third-party claimant against the Policy.

21.     The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and there is complete diversity between Plaintiff and Defendants. Accordingly, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a).

22.     Venue is proper in this Court under 28 U.S.C. § 1441(a) as Sequoyah County, Oklahoma is within the United States District Court for the Western District of Oklahoma.

## FACTS

### A.  Underlying Case Allegations

23.     On October 10, 2022, Erika Robles, individually and as representative of the Estate of Orlando Robles and as the Next Friend of K.R.; Maria Castillo; Elainna Robles; Athena Schmidt; Melina Robles; and Byanca Santos (collectively, the "Robles Plaintiffs") filed the Underlying Case against MVT Services LLC and Juan Garcia in the 448th District Court in the County of El Paso, Texas, Case No. 2022-DCV-3059, captioned *Robles, et al. v. MVT Services LLC et al.*

24.     The Underlying Case alleges that a motor vehicle accident occurred on October 28, 2020, near Roland, Oklahoma, which is located in Sequoyah County, on Interstate 40.

25.     According to the Petition in the Underlying Case, a box truck was stopped partially on the shoulder and partially in the outside lane of westbound Interstate 40.

26.     Orlando Robles was a passenger in a tractor-trailer driven by Juan Garcia.

27.     Garcia collided with the rear of the stopped box truck.

28.     As a result of the collision, Orlando Robles suffered significant injuries, which led to his death.

29.     Garcia was driving on behalf of MVT at the time of the accident.

30.     Orlando Robles was also an employee of MVT at the time of the accident.

4

31.     The Robles Plaintiffs asserted a Negligence claim against Juan Garcia and *Respondeat Superior* and Negligence claims against MVT.

## B. Policy Analysis

32.     ATTIC issued a liability policy, Policy Number ATTMVT120, to MVT Services LLC, effective January 1, 2020 to January 1, 2021 (the "Policy").

33.     The Policy provides Trucking Liability coverage.

34.     The Policy, subject to the terms and conditions therein, had a limit of coverage of $10,000,000 "per occurrence".

35.     Pursuant to the terms of the Policy, the following are excluded from coverage:

**Workers Compensation, Employer's Liability, and Co-Employees** – any bodily injury to any employee of an insured arising out of and in the course of the employee's employment by an insured or while performing any duties in furtherance of the business of an insured, including any bodily injury to any co-employee of any employee if the injury occurred in or arises out of and in the course of the co-employee's employment by an insured or while performing any duties in furtherance of the business of an insured.

(Ex. 2, Trucking Liability Coverage Form at p. 4 of 8).

36.     As discussed above, Garcia was acting in the course and scope of his employment for MVT at the time of the accident in the Underlying Case. Accordingly, the above exclusion precludes liability coverage.

37.     Because no coverage is afforded under the Policy for the claims and damages in the Underlying Case, ATTIC, as real-party-in-interest, has no obligation to pay for the defense or indemnity of MVT or Garcia in regard to the claims of the Robles Plaintiffs, as asserted in the Underlying Case.

38.     An actual and justiciable controversy presently exists between ATTIC as insurer and the real-party-in-interest; MVT and Garcia as insureds; and the Robles Plaintiffs as contingent

claimants, as to whether any coverage is afforded under the Policy as concerns the claims asserted in the Underlying Case for the resolution of which the declaratory judgment of this Court is sought herein.

THEREFORE, Plaintiff ATTIC, as real-party-in-interest, does respectfully request that this Court issue its declaration that the insurance contract which ATTIC entered into with Defendant MVT affords no indemnity for the claims of the Robles Plaintiffs against MVT and Garcia in the Underlying Case, and for such other and further relief as the Court may deem just and equitable.

Respectfully submitted,

_____

Jason Goodnight, OBA #19106
**FRANDEN, FARRIS, QUILLIN,**
**GOODNIGHT, ROBERTS & WARD**
Two West Second St., Suite 900
Tulsa, OK  74103
918/583-7129
FAX 918/584-3814
jgoodnight@tulsalawyer.com
*Attorneys for Plaintiff*

6